UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, </br></br>　　　　Plaintiff, </br></br>v. </br></br>MODERN COTTON, LLC dba The Quilt Haus; MODERN COTTON, LLC dba Way to Sew; and Deanne Moore Quill, Individually, </br></br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 5:19-CV-00119 |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants, Modern Cotton, LLC dba The Quilt Haus; Modern Cotton, LLC dba Way to Sew; and Deanne Moore Quill, Individually (collectively "Defendants"), from violating the provisions of Sections 6, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "Act"), and to restrain Defendants from withholding payment of minimum wage compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to employees who are named in the attached Exhibit A.

I.

This Court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1.　　Defendant Modern Cotton, LLC dba The Quilt Haus is now, and at all times

hereinafter mentioned was, a limited liability company in Comal County, Texas, within the jurisdiction of this Court where Modern Cotton, LLC is, and at all times hereinafter mentioned was, doing business as The Quilt Haus, a retail establishment that sells, among other items, fabric, quilt kits, patterns and sewing notions and tools and is located at 651 N. Business IH35, Suite 510, New Braunfels, Texas 78130.

2.	Defendant Modern Cotton, LLC dba Way to Sew is now, and at all times hereinafter mentioned was, a limited liability company in Comal County, Texas, within the jurisdiction of this Court where Modern Cotton, LLC is, and at all times hereinafter mentioned was, also doing business as Way to Sew, a retail establishment that sells, services and repairs sewing and quilting machines and is located at 651 N. Business IH35, Suite 520, New Braunfels, Texas 78130.  Way to Sew is a "sister store" to The Quilt Haus in that they are located in adjoining suites with an internal wall opened between the two stores so that customers and employees can move between these businesses.

3.	 Defendant Deanne Moore Quill has a place of business and is doing business in Comal County, Texas, within the jurisdiction of this Court, where Deanne Moore Quill is, and at all times hereinafter mentioned was, the principal of Modern Cotton, LLC and the manager and owner of the two retail establishments operating as The Quilt Haus and Way to Sew, described above, and actively manages, supervises and directs the business affairs and operations of these two retail stores.  Deanne Moore Quill acts, directly and indirectly, in the interests of The Quilt Haus and Way to Sew in relation to their employees and is an employer of these employees within the meaning of the Act. Specifically, Deanne Moore Quill does the hiring, firing, setting rates of pay and determining the conditions of employment for the employees of the two retail stores and oversees all aspects of the operation of these businesses.

III.

At all times hereinafter mentioned, Defendants Modern Cotton, LLC dba The Quilt Haus and Modern Cotton, LLC dba Way to Sew have been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants Modern Cotton, LLC dba The Quilt Haus and Modern Cotton, LLC dba Way to Sew have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose, which is operating two adjoining and related retail establishments known as The Quilt Haus and Way to Sew in and around the New Braunfels, Texas area.

IV.

At all times hereinafter mentioned, Defendants Modern Cotton, LLC dba The Quilt Haus and Modern Cotton, LLC dba Way to Sew have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that they have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

During the period since April 2017, Defendants have violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act at rates less than the minimum hourly rates required by Section 6 of the Act.

Specifically, Defendants have certain employees that they have deemed to be "volunteers" and that are paid in gift cards that can only be used in Defendants' retail stores. These employees deemed "volunteers" do not receive monetary compensation from Defendants but are paid with "in-kind" remuneration, including the gift cards and, on some occasions, with fabric. The gift cards are valued by Defendants at $8.00 per card and the volunteers are compensated with one gift card for each hour they work. The volunteers are then allowed to use the gift cards to make purchases in Defendants' retail stores, The Quilt Haus and Way to Sew. When making purchases with the gift cards, the volunteers are not sold items at Defendants' cost, but are given a 30% discount on regular items and a 50% discount on clearance items.

VI.

As a result of the violations of the Act, minimum wage compensation has been unlawfully withheld by Defendants from their employees.

VII.

During the period since April 2017, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their records failed to show, among other things, the hours worked each day and the total hours worked each week by their employees.

VIII.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants Modern Cotton, LLC dba The Quilt Haus; Modern Cotton, LLC dba Way to Sew; and Deane Moore Quill, Individually, as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating Sections 6, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3. For an Order pursuant to Section 17 enjoining and restraining Defendants from withholding payment of unpaid minimum wage compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. For an Order awarding Plaintiff the costs of this action; and

5. For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | KATE S. O'SCANNLAIN<br>Solicitor of Labor |
|  | JAMES E. CULP<br>Regional Solicitor |
| U.S. Department of Labor<br>Office of the Solicitor | MARGARET TERRY CRANFORD<br>Counsel for Wage and Hour |
| 525 Griffin Street, Suite 501<br>Dallas, Texas 75202<br>Telephone: (972) 850-3100 | By: |
| Facsimile:  (972) 850-3101<br>Email: vieyra.sheryl@dol.gov | /s/ Sheryl L. Vieyra<br>SHERYL L. VIEYRA<br>Senior Trial Attorney<br>Texas State Bar No. 24008193 |
| RSOL Case No. 19-0069 | Attorneys for Plaintiff. |